UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR AVILA VARELA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, et al.,

Respondents.

No.  1:25-cv-1556 DC CSK P

ORDER

Petitioner is an immigration detainee, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner alleges that his prolonged detention violates his right to due process.

On December 17, 2025, respondents filed a status report indicating that an immigration judge granted petitioner's cancellation of removal application on December 12, 2025, and that the government reserved its right to appeal with a deadline of January 12, 2026.  (ECF No. 13.)  On December 31, 2025, this Court ordered respondents to file a status report on January 13, 2026 addressing the status of their appeal and petitioner's detention status.  (ECF No. 16.)

In the status report filed January 13, 2026, respondents state that the Department of

---

[1]  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 15.)

1

Homeland Security ("DHS") did not appeal the immigration judge's cancellation of petitioner's removal. (ECF No. 18.) Respondents state that DHS informed respondents' counsel that petitioner is in the process of being released. (Id.) Specifically, petitioner is in the process of being transported from the DHS facility at Golden State Annex in McFarland, California to Fresno, California. (Id.) Respondents anticipate that petitioner will be out of custody by midnight on January 13, 2026. (Id.)

On January 14, 2026, the Court issued an order to show cause to petitioner why this action should not be dismissed as moot. Petitioner's response was due within twenty-one days and he was warned that failure to respond to this order would result in dismissal. As of March 1, 2026, petitioner has not responded to the order to show cause. (See Docket.)

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In his habeas petition, petitioner challenged his prolonged detention. (ECF No. 1.) Petitioner was released on or about January 13, 2026 (ECF No. 18), and there has been no remaining collateral consequence identified. Therefore, the habeas petition no longer presents a live controversy and is dismissed as moot. See Abdala, 488 F.3d at 1064.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED AS MOOT. The Clerk of the Court is directed to close this case

Dated: March 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/vare1556.25.order/2

2